# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

Case #:  21-cv-24125-DPG

DRO 15R, LLC and RAZIEL OFFER,
    Plaintiffs,

vs.

MIAMI DADE PROPERTY APPRAISER'S OFFICE,
PROPERTY APPRAISER PEDRO J. GARCIA,
DEPUTY PROPERTY APPRAISER LAZARO SOLIS,
STAFF ATTORNEY MATTHEW ALBRECHT, ESQ.,
RONIEL RODRIGUEZ, ESQ., and STUART KALB,
    Defendants.

_____/

## MOTION FOR ORDER TO REMAND

Plaintiffs DRO 15R, LLC and RAZIEL OFER, through undersigned counsel and pursuant to 28 U.S.C. § 1447(c), hereby files this Motion to Remand this action to the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, and in support states:

## SUMMARY

Defendant Roniel Rodriguez effort to remove this case to the Federal Court failed to comply with the procedural requirements regarding unanimity, and this case should be remanded to the State Court and Defendant ordered to pay

Plaintiffs' attorneys fees and costs in connection with filing this Motion for Order to Remand.

## PROCEDURAL BACKGROUND

1. Plaintiffs filed an action against six Defendants in the Circuit Court for the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, Case No.: 2021-025489-CA-01 (the "State Court Action"), on November 18, 2021.

2. One of the six defendants, Roniel Rodriguez, filed for removal to Federal Court on November 23 2021.

3. Despite being notified of Defendant Roniel Rodriguez's filing to remove the case to Federal Court, not one of the other five Defendants (including Roniel Rodriguez's business partner Stuart Kalb) chose to join in the removal.

## APPLICABLE LAW ON REMOVAL

4. Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Original jurisdiction must be established with either federal question jurisdiction pursuant to 28 U.S.C. § 1331 or diversity jurisdiction pursuant to

28 U.S.C. § 1332. Federal question jurisdiction exists when the civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The burden of establishing federal jurisdiction falls on the party seeking to invoke the jurisdiction of the federal court. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

5. Courts strictly construe the requirements of 28 U.S.C. § 1441 (removal jurisdiction) and remand all cases in which jurisdiction is doubtful. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Univ. of So. Ala v. American Tobacco Co.*, 168 F.3d 405, 411 (11 Cir. 1999). Courts determine jurisdiction by looking at the plaintiff's complaint at the time of removal. "While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of [its] own claim." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11 Cir. 1994). "[R]emoval statutes are construed narrowly; where plaintiff and th defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Id. at 1095.

6. The party seeking removal bears the burden of satisfying each of the preconditions by showing the existence of federal subject matter jurisdiction. See *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127–28, 94 S. Ct. 1002, 1003, 39 L. Ed. 2d 209 (1974); *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998); *Burns v. Windsor Inc. Co.*, 31 F.3d 1092,

1095 (11th Cir. 1994) (the defendant seeking removal has the heavy burden of proving removal is proper). Remand is favored when there is a doubt as to whether removal was proper. See *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

## Rule of Anonymity

7. In cases where there are multiple defendants, the rule of unanimity mandates that all defendants join in removing the state court action to federal court. See *Russell Corp.*, 264 F.3d at 1049 (affirming district court's remand to state court for lack of unanimous consent to removal).

8. Pursuant to § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

## ANALYSIS

9. The rule of anonymity has not been satisfied because none of the other 6 defendants, including Roniel Rodriguez's business partner Stuart Kalb, have joined in the removal.

10. As a result, the removal is procedurally improper and this case should be remanded to the state court.

WHEREFORE, Plaintiffs respectfully request that this Court remand this matter back to the State Court.

### REQUEST FOR ATTORNEY'S FEES AND COSTS

Along with remand of a case upon unsuccessful removal, the district court may award "just costs and any actual expenses, including attorney's? fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The award of fees and costs is in the discretion of the district court. *Lussier v. Dollar Tree Stores, Inc.,* 518 F.3d 1062, 1065 (9th Cir. 2008). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

I HEREBY CERTIFY that foregoing has been reviewed by the undersigned and is being submitted in good faith pursuant to Rule 11 FRCP.

Respectfully submitted,
By:_ *s./ DJW*_____
David J. Winker, Esq., B.C.S.
Fla. Bar. No. 73148
David J. Winker, P.A.
4720 S. LeJeune Rd Coral Gables, Fl 33146
dwinker@dwrlc.com
305 801 8700

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court on December 23, 2021, and served on the following attorneys: Roniel Rodriguez Esq. Keystone Executive Plaza 12555 Biscayne Blvd., 915 N. Miami, Florida 33181; Matthew Albrecht, Esq., Miami-Dade County, 13061 SW 14 Pl, Miami, FL 33186, mjal@mdcpa.net; using CM/ECF, in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filings.

By:____*s./ DJW*_____
David J. Winker, Esq., B.C.S.
Fla. Bar. No. 73148