IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

DRO 15R, LLC and RAZIEL OFER,

    Plaintiffs,                                                      Case No. 1:21-cv-24125 DPG

vs.

MIAMI DADE PROPERTY APPRAISER'S
OFFICE, PROPERTY APPRAISER PEDRO
J. GARCIA, DEPUTY PROPERTY APPRAISER
LAZARO SOLIS, STAFF ATTORNEY
MATTHEW ALBRECHT, ESQ., RONIEL
RODRIGUEZ, ESQ., and STUART KALB,

    Defendants.
_____/

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR ORDER
TO REMAND, AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW, Defendant, Roniel Rodriguez Esq., and hereby responds to the Plaintiffs', DRO 15R LLC and Raziel Ofer, Motion for Order to Remand [D.E. # 8] and states:

*Introduction*

Plaintiffs filed an action in state court seeking redress under federal law for which this Court has original jurisdiction. The matter was timely removed by a defendant. Plaintiffs are seeking remand based upon a lack of consent to removal by the other named defendants <u>none</u> of which have been served with process or otherwise appeared in this action. Based upon the clear language of 28 U.S.C. §1446, this matter was properly removed, and consent was not required by defendants who have not yet been served. Accordingly, the motion for order to remand should be denied without prejudice pending appropriate service on the other named defendants.

1

*Procedural Background*

1. On November 18, 2021, Plaintiffs filed a complaint against multiple defendants in the Circuit Court of the 11th judicial circuit in and for Miami-Dade County, Florida under case no. 2021-25489 CA 01 (the "State Court Case"). The complaint contains three counts, to wit: Count 1 – Negligence; Count II - Violation of Procedural Due Process – 42 U.S.C. § 1983; and Count III - Equal protection, Class of One -42 U.S.C. § 1983). [See D.E. # 1 pgs 15 -19]. Plaintiffs did not have a single summons issued in the State Court Case.

2. On November 23, 2021, Defendant, Rodriguez, received a copy of the complaint and filed his notice of removal pursuant to 28 U.S.C. § 1446(b).

3. To date, no summons has been issued in the State Court Action or in this action, nor have any other defendants been otherwise served.

4. On December 23, 2021, the Plaintiffs filed a Motion for Order to Remand [D.E. #8].

*Argument and Memorandum of Law*

It is apparent on the face of the Plaintiffs' complaint that this court has original jurisdiction over Counts II and III of the Complaint, both of which are predicated upon 42 U.S.C. § 1983[1] and supplemental jurisdiction over Count I, which arises from the same facts forming the alleged predicate of Count II and III[2]. Hence removal was proper under §1441(a)[3]. Plaintiffs seek

---

[1] *See* 28 U.S.C. § 1331 - The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.
[2] 28 U.S.C. § 1367(a) - Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties
[3] (a) Generally.—
Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed

remand under what they term the *Rule of Anonymity*. Apparently, the Plaintiffs are referring to the *Rule of Unanimity* which generally requires that in a removal action all defendants must consent to removal. See *Russell Corp. v. American Home Insurance Co.* 264 F 3d 1040 (11th Cir. 2001). The Plaintiffs argue that since the other named defendants did not join in the Notice of Removal, this matter should be remanded to state court. It is undisputed that the other defendants in this case have *not* been served with process. Hence the other defendants have not been afforded their due process right to join or reject removal to this Court. Our analysis begins with the plain text of §1446(b) which provides:

> (b) Requirements; generally.--(1) The notice of removal of a civil action or proceeding shall be filed within 30 days **after the receipt by the defendant, through service or otherwise**, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. (emphasis supplied)

While there were conflicting opinions in multidefendant cases as to the last date for joinder or rejection of a notice of removal, the doubt was resolved on December 7, 2011, when President Obama signed into law the Federal Courts Jurisdiction and Venue Act of 2011 ("FCJVA"), which added the following subsections to §1446(b):

> (2)(A) When a civil action is removed solely under section 1441(a),
>
> all defendants who have been properly joined ***and served*** must join
>
> in or consent to the removal of the action. (emphasis added).

---

by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

3

> (B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.
>
> (C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

Section 103 of the FCVJA amended 28 U.S.C. § 1446(b) to provide that, in a multi-defendant case, each defendant will have 30 days from his or her own date of service (or receipt of initial pleading) to seek removal. Earlier-served defendants may join in or consent to removal by a later-served defendant [Pub. L. No. 112-63, § 103(a), 125 Stat. 758 (2011)]. Indeed, these provisions were intended to resolve a circuit split over when the 30-day removal period begins to run in cases in which not all defendants are served at the same time [*see* H.R. Rep. No. 112-10, at 13-14 (2011).

Plaintiffs argue that since one of the other named defendants (Stuart Kalb) is a business partner of Rodriguez, Kalb therefore has constructive knowledge of the complaint and was required to join in the removal. This nonsensical view of the law has been expressly rejected by the Supreme Court in *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.* 119 S. Ct. 1332 (1999), wherein the Court held:

> We read Congress' provisions for removal in light of a bedrock principle: An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process. Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.

Applying the plain language of §§1446(b)(2)(A),(B) & (C) and the service requirement mandated by *Murphy Brothers*, consent to removal would not be required until thirty (30) days <u>after</u> the service of each other defendants. In fact, each of the other defendants, <u>after being served</u>, would have an independent right of removal (or in this case joinder). While this matter has been pending for forty-five (45) days, the Plaintiffs have made no effort to serve the other defendants to this action or even seek issuance of a summons. Indeed, failure to comply with Rule 4(m) FRCP would vitiate any need for joinder in the notice of removal, and this matter could proceed in its present procedural posture.

*Conclusion*

Based upon the clear and unambiguous language of §§ 1331, 1441 & 1446, this matter was properly removed and the Motion for Order to remand should be denied without prejudice to the rights of the other named defendants, which do not accrue until such time as they are properly served with process.

Respectfully submitted,

**RONIEL RODRIGUEZ IV, P.A.**
*Counsel for Roniel Rodriguez Esq.*
Keystone Executive Plaza
12555 Biscayne Blvd., 915
N. Miami, Florida 33181
305-773-4875 Dade/Direct
954-769-0919 Broward
305-600-1254 Monroe

By**: /s/Roniel Rodriguez IV**
Roniel Rodriguez IV
Florida Bar No.: 544787
E-mail: Ron@RJRfirm.com
Primary: Service@RJRfirm.com
Secondary: Pleadings@RJRfirm.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Clerk of Court on January 3, 2022, and served on the following attorneys: David Winker, Esq., David J. Winker, PA, 2222 SW 17th Street, Miami, FL 33145, dwinker@dwrlc.com; Matthew Albrecht, Esq., Miami-Dade County, 13061 SW 141st, Miami, FL 33186, mja1@mdcpa.net; using CM/ECF, in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filings.

                                            By**:    /s/Roniel Rodriguez IV**
                                                Roniel Rodriguez IV
                                                Florida Bar No.: 544787
                                                E-mail: Ron@RJRfirm.com
                                                Primary: Service@RJRfirm.com