**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA**

DRO 15R, LLC and RAZIEL OFER,

    Plaintiffs,                                       Case No. 1:21-cv-24125 DPG

vs.

MIAMI DADE PROPERTY APPRAISER'S
OFFICE, PROPERTY APPRAISER PEDRO
J. GARCIA, DEPUTY PROPERTY APPRAISER
LAZARO SOLIS, STAFF ATTORNEY
MATTHEW ALBRECHT, ESQ., RONIEL
RODRIGUEZ, ESQ., and STUART KALB,

    Defendants.
_____/

## **DEFENDANT, STUART KALB'S, MOTION TO DISMISS**

Defendant, Stuart Kalb ("Kalb"), by and through undersigned counsel, and pursuant to Rules 12(b)(5) & (6), FRCP and 4(m), files this motion to dismiss and as grounds therefor states:

*Introduction*

According to the Plaintiffs' Complaint, [D.E. # 1, the "Complaint"] *this case involves a fraudulent quit claim filed by Rodriguez[1] that was accepted by the Miami-Dade Property Appraiser's Office after it was lobbied by Rodriguez to disallow Plaintiff's previously filed deed.* Predicated upon their misguided view of the law and without a factual basis, the Plaintiffs seek redress pursuant to 42 U.S.C. §1983 based upon an alleged violation of their civil rights.

More troubling is the fact that the Complaint only contains a singular allegation against Kalb, to wit: *Kalb is sui juris and resides in Miami-Dade County*. [Complaint ¶ 12]. Moreover,

---

[1] Roniel Rodriguez IV, is an attorney for a party in a related matter and is named in the Complaint in his individual capacity.

1

despite the fact that this matter has been pending before this Court since November 23, 2021, the Plaintiffs have not made any attempt to serve Kalb or any other party, or even to have a summons issued.

*Brief Procedural Background*

1. On November 18, 2021, Plaintiffs filed a complaint against multiple defendants in the Circuit Court of the 11th judicial circuit in and for Miami-Dade County, Florida under case no. 2021-25489 CA 01. (the "State Court Case"). The complaint contains three counts, to wit:  Count 1 - Negligence, Count II - Violation of Procedural Due Process – 42 U.S.C. § 1983 and Count III - Equal protection, Class of One -42 U.S.C. § 1983).  [See D.E.  # 1 pgs 15 -19].  Plaintiffs did not have a single summons issued in the State Court Case.

2. On November 23, 2021, Defendant, Rodriguez, received a copy of the complaint and filed his notice of removal pursuant to 28 U.S.C. § 1446(b).

3. To date, no summons has been issued in the State Court Action or in this action, nor have any other defendants been otherwise served.

<u>Factual Background</u>

The gravamen of the Plaintiffs' claims find their roots in a dispute of over title to certain real property located in Miami Beach, Florida.   The Complaint contains a potpourri of jumbled allegations in meandering prose, none of which involve Kalb.   DRO seems to argue that the records of Defendant, Miami-Dade Property Appraiser's Office ("MDPA"), do not reflect it as the

owner of the property and that therefore, it has been deprived of its property rights[2]. Putting aside the legal, procedural, and factual deficiencies of the Complaint, one thing is clear, there is no legal or factual basis set forth for suing Kalb by either Plaintiff. Moreover, based upon the alleged facts set forth in the Complaint, there is no legal basis for Plaintiff, Raziel Ofer to seek relief against any party. The Complaint identifies Ofer as an officer of DRO responsible for its day-to-day operations. The claim, if any, set forth in the the allegations of the Complaint, is predicated upon a direct injury to DRO, which is a named Plaintiff in this case. Even under the most lenient of pleading standards, there is no allegation that would afford Ofer an independent basis to bring an action which involves an undisputedly direct claim of DRO.

Plaintiffs collectively argue that DRO committed a scrivener's error in a deed and that MDPAO does not recognize the validity of the deed in its records. Even if true, these allegations do not give rise to a cause of action against Kalb. The Property Appraiser's Office is governed by the Florida Constitution § 4, Art. VII, Florida Statutes, the laws of the State of Florida, and the Rules and Regulations of the Florida Department of Revenue. The Property Appraiser is an elected official who has autonomy to direct his or her office in compliance with Florida law. However, Florida law does not task a property appraiser with determining a dispute as to the ownership of real property. Rather, it is the duty of a property appraiser to assess the value of the property within their county for the purposes of taxation. Indeed, property appraisers in Florida are members of the executive branch[3] and are not the arbiters of disputes concerning title to real property, which falls squarely within the **exclusive** jurisdictional provenance of the circuit courts of Florida. See § 26.012(g), Florida Statute. *Dupree v. Dellamar,* 323 So. 3d 342, (Fla. 3d DCA 2021).

---

[2] Title to the subject real property is currently being litigated in the matter of DRO 15 R LLC v. Ajar Holdings, LLC, Miami-Dade Cir. Ct. Case No. 2021-14716 CA 04.
[3] Shultz v. Ohio Ltd Partnership 553 So. 2d 1203, (Fla. 2nd DCA 1203).

## ARGUMENT

**A.      Fed. R. Civ. P. 12(b)(6)**

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege sufficient facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing *Twombly*, 550 U.S. at 556). In evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court must accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). However, a complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement[.]" *Nemet Chevrolet*, 591 F.3d at 255. In the case at bar, the Complaint does not contain factual allegations against Kalb which would provide any basis for relief under any theory. Where, as here, a court should dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989)). Clearly, the sole allegation against Kalb, that he is a resident of Miami-Dade County, does not give rise to any cause of action, much less one as serious as violation of civil rights.

**B.      Fed. R. Civ. Procedure 12(b)(5)**

Rule 12(b)(5) provides a defense for insufficiency of service of process. In addition to constituting grounds for dismissal, insufficient service of process also implicate a court's authority

to exercise personal jurisdiction over a defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350, 119 S.Ct. 1322, 1327, 143 L.Ed.2d 448 (1999) ("Before a ... court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

A district court has "broad discretion to dismiss an action for ineffective service of process." *Kreimerman v. Casa Veerkamp, S.A. de C.V.,* 22 F.3d 634, 645 (5th Cir. 1994). Intertwined with Rule 12(b)(5) is Rule 4 of the Federal Rules of Civil Procedure which sets forth the guidelines to determine what constitutes valid service of process. Fed. R. Civ. P. 4. Federal Rule 4(m) permits dismissal of a suit if the plaintiff fails to serve a defendant within ninety days of filing. Here, not only has Kalb not been timely served with a summons, the Plaintiffs have not even had a single summons issued in this matter despite the passage of over ninety (90) days.

*Conclusion*

**WHEREFORE,** it is respectfully requested that this Honorable Court dismiss the action as to Defendant, Kalb.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1.A.3

The undersigned certifies that it has attempted to confer with counsel for Plaintiffs in a good faith effort to resolve the issues raised in the motion and was unable to do so.

### CONSENT TO REMOVAL

Stuart Kalb hereby consents to the removal of this action pursuant 28 U.S.C. §1446.

### Certificate of Service

**I HEREBY CERTIFY** that on March 4, 2022, I served the foregoing motion pursuant to Rule 5 as follows:

| Name | Email Address | First Class US Mail |
|---|---|---|
| David J. Winker, Esq. | dwinker@dwrlc.com | David J. Winker, P.A.<br>2222 SW 17th St<br>Miami, FL 33145-2016 |

I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF orin some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

        **Your Insurance Attorney, PLLC.**
        2601 South Bayshore Drive 18th Floor
        Coconut Grove, FL 33133
        Phone No.: 1-888-570-5677
        Fax: 1-888-745-5677
        Email: AML@YourInsuranceAttorney.com

        By:  */s/ Anthony M. Lopez*
             Anthony M. Lopez, Esq.
             Florida Bar No. 13685