UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:21-cv-24125-GAYLES

**RAZIEL OFER & DRO 15R LLC**,

    Plaintiff,

v.

**RONIEL RODRIGUEZ,
MIAMI DADE PROPERTY APPRAISER,
PEDRO J. GARCIA, LAZARO SOLIS,
MATTHEW ALBRECHT, &
STUART R. KALB**,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Plaintiffs Raziel Ofer and Dro 15R LLC's Motion for Order to Remand [ECF No. 8], Plaintiff Dro 15R LLC's Motion to Refer Case to Bankruptcy Court [ECF No. 15], Defendant Stuart Kalb's Motion to Dismiss [ECF No. 11], and Defendants Miami-Dade Property Appraiser, Pedro J. Garcia, Lazaro Solis, and Matthew Albrecht's Motion to Dismiss [ECF No. 31]. The Court has reviewed the Motions, any responses and replies thereto, and the record, and is otherwise fully advised. For the reasons set forth below, the Motion for Order to Remand [ECF No. 8] is DENIED; the Motion to Refer Case to Bankruptcy Court [ECF No. 15] is DENIED as moot; and Defendants' Motions to Dismiss [ECF No. 11, 31] are GRANTED.

    **I.**    **Motion for Order to Remand [ECF No. 8]**

Plaintiffs originally brought this action in state court on November 18, 2021 [ECF No. 1-1] alleging three claims: negligence, procedural due process violations under 42 U.S.C. § 1983, and an equal protection class-of-one claim under 42 U.S.C. § 1983. On November 23, 2021,

Defendant Roniel Rodriguez received a copy of the Complaint and filed a Notice of Removal on the basis of federal-question jurisdiction [ECF No. 1]. *See* 28 U.S.C. § 1446(b)(1) (defendant must file notice of removal within 30 days after being served with the summons and complaint). Plaintiffs do not contest that, at the time of removal, no other Defendant had been served. [ECF No. 9 at 2].

Under the federal removal statute, a civil action brought in a state court may only be removed to federal court if it "could have been brought, originally, in a federal district court." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83 (2005); *see also* 28 U.S.C. § 1441(a). District courts have original jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Such federal-question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[F]ederal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute." *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998) (alteration added; citation omitted). Allegations of constitutional violations, asserted in claims brought pursuant to federal statute, plainly appear on the face of Plaintiffs' Complaint. (*See* ECF No. 1-1 at 16, 18). The Court may also exercise supplemental jurisdiction over state-law claims that are so related to federal claims "that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Accordingly, the Court has jurisdiction over Plaintiffs' claims.

Plaintiffs argue this action must be remanded to state court based on the rule of unanimity. [ECF No. 8]. The rule of unanimity requires that "all defendants who have been properly joined *and served* must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A)

(emphasis added). Defendant Rodriguez responds that no other Defendant had been served at the time of removal (nor at the time his response was filed) and Plaintiffs do not argue to the contrary. Indeed, there is no indication in the record that any other Defendant had been served with process when this case was removed. As such, Defendant Rodriguez was not required to obtain any other Defendants' consent to removal. Because the Court has federal question jurisdiction over this action and the rule of unanimity was satisfied, Plaintiffs' Motion to Remand [ECF No. 8] is denied.

**II.     Defendants' Motions to Dismiss [ECF Nos. 11, 31]**

Defendants also move to dismiss the Complaint on various grounds [ECF Nos. 11, 31]. Specifically, Defendant Stuart Kalb seeks to dismiss any claims against him because the Complaint contains no allegations against him except that he is a resident of Miami-Dade County. [ECF No. 1-1 at ¶ 12]. In their Responses [ECF Nos. 16, 17], Plaintiffs admit the Motion to Dismiss should be granted with respect to Defendant Kalb. Upon review of the Complaint, the Court agrees that the Complaint is completely bereft of any factual allegations regarding Kalb and it appears that none of the causes of action are even asserted against Kalb.[1] Because the Complaint lacks "sufficient factual matter . . . to state a [plausible] claim" against Kalb, his Motion to Dismiss [ECF No. 11] is granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see* Fed. R. Civ. P. 12(b)(6).

Defendants Miami-Dade Property Appraiser, Pedro J. Garcia, Lazaro Solis, and Matthew Albrecht also move to dismiss Plaintiffs' claims against them because, they argue: (1) Plaintiffs lack Article III standing to sue the Miami-Dade Property Appraiser's Office and its employees for their alleged injuries; (2) claims against Garcia, Solis, and Albrecht in their official capacities are

---

[1] Likewise, none of the counts appear to be asserted against Defendant Rodriguez. [ECF No. 1-1]. Because the Complaint is a shotgun pleading, however, the Court need not address the deficient allegations regarding Rodriguez.

3

duplicative of the claims against the Miami-Dade Property Appraiser; (3) the Complaint is an impermissible shotgun pleading; (4) the negligence claim is barred by sovereign immunity as Plaintiffs have not alleged an underlying common-law tort duty; and (5) the § 1983 claims fail to sufficiently allege constitutional violations or a municipal policy or custom. [ECF No. 31].

Defendants filed their Motion to Dismiss on June 23, 2022. Under Local Rule 7.1(c), "each party opposing a motion shall serve an opposing memorandum of law no later than (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default." S.D. Fla. L.R. 7.1(c). Plaintiffs' opposing memorandum of law to the Motion was due to be filed on or before July 7, 2022. To date, Plaintiffs have not filed an opposing memorandum of law, nor have they sought an extension of time to do so. Accordingly, Defendants Motion to Dismiss [ECF No. 31] is granted by default.

One of Defendants' arguments merits further discussion at this stage — Plaintiffs' Complaint is a quintessential shotgun pleading. Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Thereunder, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (alteration adopted; other alteration added; citation and quotation marks omitted).

"Complaints that violate [] Rule 8(a)(2) . . . are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (alterations added). There are four types of shotgun pleadings, at least two of which are relevant here. *See id.* at 1321–23. The most common type of "shotgun complaint contains several counts,

4

each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). Another type of shotgun complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323 (alteration added). A shotgun pleading makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Therefore, "shotgun pleadings are routinely condemned by the Eleventh Circuit." *Real Estate Mortg. Network, Inc. v. Cadrecha*, No. 8:11-cv-474, 2011 WL 2881928, at *2 (M.D. Fla. July 19, 2011) (citing *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991)).

Plaintiffs' Complaint contains three counts. The second and third counts "incorporate each of the above factual allegations as if fully restated here." (ECF No. 1-1 at ¶¶ 60, 70). This is precisely the kind of shotgun pleading the Eleventh Circuit has repeatedly condemned, as "[t]he result is that [the second and third] count[s] [are] replete with factual allegations [and legal conclusions] that could not possibly be material to th[ose] specific count[s]." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (alterations added). Similarly, Count I seeks judgment against "Defendants" collectively, without specifying which Defendant is responsible for which acts and despite apparently aiming the claim solely at the Miami-Dade Property Appraiser. [ECF No. 1-1 at 16]. Given these deficiencies, the Court is "unwilling to address and decide serious [] issues on the basis of this [C]omplaint." *Magluta*, 256 F.3d at 1284 (alterations added). The Motions to Dismiss are therefore granted and Plaintiffs' Complaint is dismissed.

### III. Conclusion

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiffs Raziel Ofer and Dro 15R LLC's Motion for Order to Remand **[ECF No. 8]** is **DENIED**. Defendant Stuart Kalb's Motion to Dismiss **[ECF No. 11]** and Defendants Miami-Dade Property Appraiser, Pedro J. Garcia, Lazaro Solis, and Matthew Albrecht's Motion to Dismiss **[ECF No. 31]** are **GRANTED**. Plaintiffs' Complaint [ECF No. 1-1] is hereby **DISMISSED** as a shotgun pleading. The Clerk is directed to administratively **CLOSE** this case. Accordingly, Plaintiff Dro 15R LLC's Motion to Refer Case to Bankruptcy Court **[ECF No. 15]** is **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of July, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE